*John Tucker, on behalf of Newark (City), v. Newark (City).

1. AWARDING CONTRACTS FOR PAVING.
   A city council, having resolved to improve a street with granite, or fire brick, or asphalt, etc., may advertise for bids for all three materials, and, when the bids are in, may determine which of the different materials shall be used, but the contract must be given to the lowest bidder on the kind of material determined upon.

2. ADVERTISEMENT EXCLUDING COMPETITION.
   An advertisement requiring the bidder to specify the kind of brick to be furnished, meaning that he should specify the particular plant or factory from which the brick should come, and permitting the council, after the bids are all in, then to determine the particular kind of brick to be used, excludes competition and is illegal.

3. REJECTION UNAUTHORIZED AND ILLEGAL.
   And where it appears that it had been determined beforehand that the paving was to be with fire brick, equal to brick manufactured by a certain company, the rejection of the lowest bid for paving with that material, simply because it did not specify the manufacturer of the brick which the bidder proposed to furnish, was unauthorized and illegal.

---

*For a later decision of the circuit court in this case, as to waiver of process and damages, see *post*, 440.

**4. SUBSEQUENT FACTS NOT AVAILABLE ON DEMURRER.**

Upon demurrers to petitions in actions, by injunctions and mandamus, against a municipal corporation resulting from the rejection of a bid upon a paving contract, the rights of the parties must be determined by the facts existing at the time the suits were brought; the fact that the streets in question have since been paved by other parties is immaterial and cannot be considered.

**5. TAXPAYERS HAVE INTEREST IN PAVING CONTRACTS.**

Under sec. 2273 Rev. Stat., providing that the cost of paving a street shall be by general taxation, taxpayers have a direct interest in the question whether bids for paving have been properly awarded.

ERROR to the Court of Common Pleas of Licking county.

ADAMS, J.

John Tucker, on behalf of the city of Newark, Ohio, v. Newark; State of Ohio, on relation of John Tucker, v. Newark; John Tucker v. Newark—are three cases here in which John Tucker is interested as plaintiff in error, and the city of Newark as defendant in error, which have been submitted together. One is a suit for injunction brought by John Tucker on behalf of the city of Newark, under the statute, after notice and demand to the city solicitor. The second is a petition for a writ of mandamus, brought by John Tucker and Thomas B. Townsend against the city of Newark. The third is John Tucker individually against the city of Newark, a petition for injunction.

It was conceded on the argument that these three cases involved substantially the same question, and that the allegations of these three different petitions were substantially the same so far as the question that was made in the court below was concerned which was argued here.

I will refer to the petition in the mandamus case:

The petition in that case sets out at considerable length the class and grade of the city of Newark; and that all the necessary steps for the improving of three different streets in the city of Newark, by paving with brick, were taken; and the petition states that it had been determined before hand that these streets were to be paved with fire brick equal to brick manufactured by the John Porter Company. The advertisement for bids provides that bids for fire brick shall designate the kind to be furnished, and to be equal in quality with those manufactured by the John Porter Company.

This petition shows that Tucker and Townsend were bidders on all three of these streets, and that their bids were the lowest bids. These bids were rejected.

All the material facts well pleaded in these three petitions were admitted by the demurrer in the court below, which was sustained, and the sustaining of that demurrer is the only question that is before this court.

As stated in argument here, these streets have long since been paved by other contractors: but the rights of these parties must be determined as they existed at the time of the bringing of the suit, and not at this date.

The only question made here, and the only objection made in argument to the bid of Tucker and Townsend, is that the bid did not specify the manufacturer of the brick which they proposed to furnish in the paving of these three streets. And that calls for a construction of paragraph six of sec. 2303, Rev. Stat., which provides:

Tucker v. Newark.

"None but the lowest responsible bid shall be accepted, when such bids are for the labor or material separately; provided, that when the character of the material of the improvement has not been determined upon before the bids are received, that the lowest responsible bid for the improvement with the material determined upon after the bids have been received, shall be accepted; but the counsel may, in its discretion, reject all the bids, or it may, at its discretion, accept any bid for both labor and material which may be the lowest aggregate cost of such improvement of repairs."

Sections 2273 and 2274, Rev. Stat. provide at least one-fiftieth of the total cost of the improvement shall be paid by general taxation by the city. That the cost of street intersections must be paid by the city, and not out of the money raised by assessments on the abutting property holders.

I say that, in connection with these suits for injunction, to show that the tax-payer is interested directly in this question

It was said here that the circuit court at some former term several years ago held that advertisements for bids which specify a particular manufacture of brick were illegal, because there could be no competition. Now, in this case if the claim made by the city of Newark be correct, would there be any competition? If they advertise for bids and say that the bidder shall specify the kind of brick to be furnished, meaning that he shall specify the particular plant or factory from which the brick are to come, and after the bids are all in, the council may then determine, not the character of the material to be used in the improvement, but the particular kind of brick (that is, specify the plant from which it is to come), where is the competition in that case?

As a matter of fact, many of these brick manufacturers are also competitors for these paving contracts. They control the output of their own factories, so that if the council has the legal right, after they have determined that the pavement shall be made of fire brick of a certain grade or quality, to choose the factory from which the brick shall come, the want of a competition makes this transaction a good deal of a farce, because they can take the highest or the lowest bid, just as they see fit, without regard to whether the brick are of the standard of quality which they have specified.

As we understand this sec. 6, the character of the material would mean, as an illustration: "Are you going to pave this street with granite, or with firebrick; are you going to macadamize it, or are you going to put down an asphalt pavement?" Now, you can advertise for bids with specifications providing for all those different characters of material. Then you get competition for the granite; competition for the brick, and for the other kinds of paving material. Then, when the bids are in, council can determine which of those different materials they will use. If they decide on the granite, then they must let the contract to the lowest bidder on granite. If they decide to let the contract for brick, then they must let the contract to the lowest bidder on brick, and so on.

And we think that this view that we take of this section of the statute is entirely in accord with the former holding of this court and that view of the law requires us to hold that each of these petitions stated a cause of action; and the judgment of the lower court will be reversed, and the cases remanded for further proceedings according to law.

*S. M. Hunter*, on behalf of plaintiff in error.

*Frederick M. Black*, on behalf of defendant in error.